IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JASON JARELL SHINGLETON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 115-139 |
| | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff filed the above-captioned case *pro se* on September 3 2015, seeking an award of social security benefits, (doc. no. 1), and requesting permission to proceed *in forma pauperis* ("IFP") (doc. no. 2). On October 1, 2015, this Court granted Plaintiff's motion to proceed IFP and ordered Plaintiff to amend his complaint. (Doc. no. 5.) Plaintiff has now submitted an amended complaint. (Doc. no. 6.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's amended complaint be **DISMISSED** and this civil action be **CLOSED**.

I. **BACKGROUND**

By Order dated October 1, 2015, the Court directed Plaintiff to address several deficiencies in his complaint, including when "he previously applied for benefits with the Social Security Administration, what type of benefits he applied for, or when his application was denied by the Appeals Council." (Doc. no. 5, p. 1.)

In his amended complaint, Plaintiff offers the Court virtually no information regarding his claims and fails to provide any of the information that the Court instructed him to include. Plaintiff states that he has been denied SSI benefits several times and that he is not able to work due to his illness. (Doc. no. 6, p. 5.) Plaintiff further requests that the Court "help set my claim establish [sic]." (Id.) Plaintiff provides no information about when his benefits were denied or whether he ever received a final decision from the Appeals Council. (See id.)

**II.   DISCUSSION**

"An application for disability benefits, for example, follows an intricate path of administrative process before it can be reviewed by a federal court." Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1260-61 (11th Cir. 2007). As a general rule, 42 U.S.C. § 405(g) is the sole jurisdictional basis for judicial review in Social Security matters. See 42 U.S.C. § 405(h); See United States v. Blue Cross & Blue Shield of Ala., Inc., 156 F.3d 1098, 1104 (11th Cir. 1998); Califano v. Sanders, 430 U.S. 99, 105-07 (1977).

Pursuant to § 405(g), this Court has jurisdiction over social security cases only when there has been: 1) a final decision made by the Acting Commissioner after a hearing, 2) the commencement of a civil action within sixty days of the mailing of notice of the Acting Commissioner's decision, and 3) the filing of the action in an appropriate district court. Weinberger, 422 U.S. at 763. Because Plaintiff fails to identify any decision of the Acting Commissioner that was final for the purpose of judicial review under § 405(g), Plaintiff has not met the prerequisites for judicial review and his case must be dismissed.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's amended complaint be **DISMISSED** and this civil action be **CLOSED**.

SO REPORTED AND RECOMMENDED this 10th day of November, 2015, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA